IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  09-cv-02676 CMA MJW

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

MANTRIA CORPORATION,
TROY B. WRAGG,
AMANDA E. KNORR,
SPEED OF WEALTH, LLC,
WAYDE M. MCKELVY,     and
DONNA M. MCKELVY

      Defendants.

---

**ORDER FOR PRELIMARY INJUNCTION,
ASSET FREEZE, AND OTHER EQUITABLE RELIEF**

---

On November 16, 2009, Plaintiff U.S. Securities and Exchange Commission ("SEC") filed a motion for an *ex parte* order:  (1) enjoining defendants Mantria Corporation, Troy B. Wragg, Amanda E. Knorr, Speed of Wealth, LLC, Wayde M. McKelvy, and Donna M. McKelvy (collectively "Defendants") from violations of the antifraud, registration, and broker-dealer provisions of the federal securities laws; (2) freezing funds and other assets of Defendants, wherever located, which are derived from any investor funds obtained by or on behalf of defendants in connection with the scheme alleged in the SEC's Complaint; (3) prohibiting the acceptance, deposit or disbursement of additional funds from investors or potential investors; (4) requiring an accounting of investor funds and other assets; (5) preventing the destruction or alteration of documents; (6) providing for expedited discovery; and (7) providing for alternative service.

On November 16, 2009, the Court issued a temporary restraining order against Defendants and ordered that the Defendants appear on November 20, 2009, to show cause why the Court

should not enter a Preliminary Injunction and order preliminary relief against the Defendants pursuant to Rule 65 of the Federal Rules of Civil Procedure, and extend the temporary relief granted until a final adjudication on the merits.  By consent of the parties, the hearing on preliminary relief was continued until December 1, 2009.

On December 1 and 2, 2009, the Court held the hearing on preliminary relief.  During the hearing, the SEC presented the testimony of Allison Lee, Kurt Gottschall, Dee Holl, and Tracy Mongelli.  The SEC also submitted Declarations from Allison Lee, Kurt Gottschall, Tracy Mongelli, Jerry Lowe, Donald Parker, Karen Fleming, Dee Holl, James Bailey, Kelly Dishman, and Joseph Murphy.  The Court admitted plaintiff's exhibits numbered 1-18 and 20-24.  Defendants Mantria Corp., Troy Wragg, and Amanda Knorr presented the testimony of Dan Rink and submitted the affidavit of Troy Wragg.  The Court admitted defendants' exhibits 50-60.  Donna McKelvy appeared through counsel and indicated that she consented to the entry of this Order.  Defendants Speed of Wealth and Wayde McKelvy failed to appear despite being given adequate notice of the proceeding.  Though Defendants Troy Wragg and Amanda Knorr appeared via counsel, neither personally appeared, despite the Court's strong recommendation that, at least, Mr. Wragg appear to answer questions on issues of great concern to the Court.  During the hearing, Defendants Mantria Corp., Troy Wragg, and Amanda Knorr entered into a stipulation with the SEC for the entry of this Order with the exception of the asset freeze in Section VI.

Based on the evidence in the record and by agreement of the parties, the Court finds:

1.      This Court has jurisdiction over the subject matter of this action and over defendants Mantria Corporation, Troy B. Wragg, Amanda E. Knorr, Speed of Wealth, LLC, Wayde M. McKelvy, and Donna M. McKelvy.

2.	The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(b)], Section 21(d)(1) Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(1)] by evidence establishing a *prima facie* case and a strong likelihood that the SEC will prevail at trial on the merits and that the Defendants, and each of them, directly or indirectly, have engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Sections 5 and 17(a) of the Securities Act [15 U.S.C. §§ 77e and 77q(a)], Sections 10(b) and 15(a) of the Exchange Act [15 U.S.C. §§ 78j(b) and 78o], and Exchange Act Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

3.	There is good cause to believe that, unless restrained and enjoined by order of this Court, defendants Mantria Corporation, Troy B. Wragg, Amanda E. Knorr, Speed of Wealth, LLC, Wayde M. McKelvy, and Donna M. McKelvy will dissipate, conceal, or transfer from the jurisdiction of this Court assets which could be subject to an order directing disgorgement or the payment of civil money penalties in this action, and that unless restrained Defendants will continue to accept funds from investors.  The evidence also demonstrates a sufficient nexus between the funds that have been frozen to date pursuant to the Temporary Restraining Order issued on November 16, 2009, and the conduct described in the Complaint.

4.	There is good cause to believe that, unless restrained and enjoined by order of this Court, Defendants may alter or destroy documents relevant to this action.

5.	There is good cause to believe that an accounting is still necessary to identify the source, location and use of funds obtained from investors.

6.	There is good cause to believe that expedited discovery and alternative means of service are warranted.

7.     Pursuant to Fed. R. Civ. P. 65(b) this Court specifically finds that there is a likelihood of irreparable injury to investors unless this Order is issued.  This Court finds that the SEC has made a *prima facie* showing that Defendants have engaged in schemes to defraud investors, made false and misleading statements to investors and omitted material facts in connection with the offer and sale of securities.  The SEC has also demonstrated a *prima facie* showing that Defendants have distributed securities without registration or valid exemption and that Defendants have acted as unregistered brokers or dealers.

Now, therefore,

## I.

IT IS HEREBY ORDERED that the SEC's Motion for A Preliminary Injunction is granted as to defendants Mantria Corporation, Troy B. Wragg, Amanda E. Knorr, Speed of Wealth, LLC, Wayde M. McKelvy, and Donna M. McKelvy.

## II.

IT IS HEREBY FURTHER ORDERED that pending trial on the merits or further order of the Court, defendants Mantria Corporation, Troy B. Wragg, Amanda E. Knorr, Speed of Wealth, LLC, Wayde M. McKelvy, and Donna M. McKelvy, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails:  (1) employing any device, scheme, or artifice to defraud; or (2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in

the light of the circumstances under which they were made, not misleading; or (3) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser in violation of Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)].

### III.

IT IS HEREBY FURTHER ORDERED that pending trial on the merits or further order of the Court, defendants Mantria Corporation, Troy B. Wragg, Amanda E. Knorr, Speed of Wealth, LLC, Wayde M. McKelvy, and Donna M. McKelvy, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange in connection with the purchase or sale of any security: (1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5].

### IV.

IT IS HEREBY FURTHER ORDERED that pending trial on the merits or further order of the Court, defendants Mantria Corporation, Troy B. Wragg, Amanda E. Knorr, Speed of Wealth, LLC, Wayde M. McKelvy, and Donna M. McKelvy, and their officers, directors,

subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from directly or indirectly, in the absence of any applicable exemption:  (1) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;  (2) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or (3) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h] in violation of Section 5 of the Securities Act [15 U.S.C. § 77e].

## V.

IT IS HEREBY FURTHER ORDERED that pending trial on the merits or further order of the Court, defendants Mantria Corporation, Troy B. Wragg, Amanda E. Knorr, Speed of Wealth, LLC, Wayde M. McKelvy, and Donna M. McKelvy, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from directly or indirectly acting as a

broker or dealer (other than such a broker or dealer whose business is exclusively intrastate and who does not make use of any facility of a national securities exchange) and making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered as provided by law in violation of Section 15(a) of the Exchange Act [15 U.S.C. § 78o].

## VI.

IT IS HEREBY FURTHER ORDERED that pending trial on the merits or further order of the Court:

A.     The assets, funds, or other property of defendants Mantria Corporation, Troy B. Wragg, Amanda E. Knorr, Speed of Wealth, LLC, Wayde M. McKelvy, and Donna M. McKelvy, wherever located, which are derived from any investor funds obtained by or on behalf of the Defendants in connection with the scheme alleged in the SEC's Complaint, are frozen. Defendants Mantria Corporation, Troy B. Wragg, Amanda E. Knorr, Speed of Wealth, LLC, Wayde M. McKelvy, and Donna M. McKelvy, and their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent

investment or other authority, in whatever form such assets may presently exist and wherever located;

   B. Any bank, financial or brokerage institution or other person or entity holding any funds, securities or other assets derived from investor proceeds raised in the scheme alleged in the complaint, held the name of, for the benefit of, or under the control of Defendants Mantria Corporation, Troy B. Wragg, Amanda E. Knorr, Speed of Wealth, LLC, Wayde M. McKelvy, and Donna M. McKelvy, or their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets; and

   C. The Defendants are prohibited, directly or indirectly, from accepting funds from investors for investment in any investment program. Defendants Mantria Corporation, Troy B. Wragg, Amanda E. Knorr, Speed of Wealth, LLC, Wayde M. McKelvy, and Donna M. McKelvy, and their officers, directors, successor corporation, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall refrain from accepting, taking control of, or depositing in any financial institution additional funds from or potential investors.

## VII.

IT IS HEREBY FURTHER ORDERED that defendants Mantria Corporation, Troy B. Wragg, Amanda E. Knorr, Speed of Wealth, LLC, Wayde M. McKelvy, and Donna M. McKelvy, and each of their successor corporations, subsidiaries, and affiliates, shall within

**fourteen days** of the service of this order, file with this Court, and serve on the SEC, at the address of its counsel of record, a sworn accounting of:

    A.    All funds raised in any securities offering by Mantria Corporation, Speed of Wealth, LLC, or any subsidiary, division, or affiliate thereof, in the form of investment contracts, profits interests, notes or any other security, listing the name, address and phone number of each person who invested funds in such program, the amount the investor paid directly or indirectly to any of the entities and date(s) such funds were received; the current locations of all such funds; the disposition of any such funds including the date, amount, recipient and purpose of each disbursement; the location, title and account numbers at any financial institution to which any such funds have been transferred; and the amount of earnings paid to each investor, if any, and date of payment, the amount of other funds returned to each investor and date of payment;

    B.    All persons who received a commission, finder's fee, or any other payment relating to investments in Mantria Corporation, Speed of Wealth, LLC, or any subsidiary, division, or affiliate thereof, listing the name and address and phone number of each such person, and the amount and the date of any such commission payment;

    C.    All investments, securities, funds, real estate, and other assets held in the names of Mantria Corporation, Troy B. Wragg, Amanda E. Knorr, Speed of Wealth, LLC, Wayde M. McKelvy, and Donna M. McKelvy, or in the names of any subsidiary, affiliate, or agent or under their direct or indirect control, or in which they have or have had since January 1, 2007, a direct or indirect beneficial interest, stating a description and location of such assets;

    D.    Each account, including safe deposit boxes, with any bank, financial institution or brokerage firm, maintained in the names of Mantria Corporation, Troy B. Wragg, Amanda E. Knorr, Speed of Wealth, LLC, Wayde M. McKelvy, and Donna M. McKelvy, or the names of

any subsidiary, affiliate, or agent, or in which they have direct or indirect control or beneficial interest, or have had any direct or indirect beneficial interest since January 1, 2007; and

  E. Every transaction in which the ownership, direction and control of any funds or other assets of any kind have been transferred, directly or indirectly, since January 1, 2007 to or from defendants Mantria Corporation, Troy B. Wragg, Amanda E. Knorr, Speed of Wealth, LLC, Wayde M. McKelvy, and Donna M. McKelvy, or their affiliates, subsidiaries, or agents.

  F. Nothing in Section VII of this Order eliminates the requirement for Defendants to comply with the accounting as set forth in Section VI of the Temporary Restraining Order entered by this Court on November 16, 2009.

## VIII.

IT IS HEREBY FURTHER ORDERED that, the defendants are prohibited from destroying or altering records.  Pending a trial on the merits or further order of the Court, defendants Mantria Corporation, Troy B. Wragg, Amanda E. Knorr, Speed of Wealth, LLC, Wayde M. McKelvy, and Donna M. McKelvy, and their officers, directors, successor corporations, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the SEC's complaint in this action, or to any communications between or among any of the Defendants.  As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, computer data, e-mail messages,

correspondence, memoranda, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

**IX.**

IT IS HEREBY FURTHER ORDERED that the SEC may immediately commence discovery without awaiting a Fed. R. Civ. P. 26(f) conference.

**X.**

IT IS HEREBY FURTHER ORDERED that service of this Order may be made by facsimile, mail, e-mail, delivery by commercial courier, or personally by any employee of the Securities and Exchange Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure and may be made on any registered agent, officer, or director of Defendants, or by publication. Discovery requests may be communicated by facsimile, mail, hand, or delivery by commercial courier.

**XI.**

IT IS HEREBY FURTHER ORDERED that the Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED, this 2nd day of December 2009, at 4:03 o'clock p.m.

_____
CHRISTINE M. ARGUELLO
United States District Judge