**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-02676-CMA-MJW

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MANTRIA CORPORATION,
TROY B. WRAGG,
AMANDA E. KNORR,
SPEED OF WEALTH, LLC,
WAYDE M. MCKELVY, and
DONNA M. MCKELVY,

    Defendants.

---

**ORDER OF PERMANENT INJUNCTION AS TO DONNA McKELVY**

---

The Securities and Exchange Commission having filed a Complaint and Defendant Donna M. McKelvy having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Order of Permanent Injunction without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Order:

    I.    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Donna M. McKelvy, and her agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are enjoined and restrained from,

directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails: (1) employing any device, scheme, or artifice to defraud; or (2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser in violation of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a).

    II.    IT IS HEREBY FURTHER ORDERED that Defendant Donna M. McKelvy, and her agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are enjoined and restrained from directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange in connection with the purchase or sale of any security: (1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section

10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5 thereunder (17 C.F.R. 240.10b-5).

      III.    IT IS HEREBY FURTHER ORDERED, that Defendant Donna M. McKelvy, and her agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are enjoined and restrained from directly or indirectly, in the absence of any applicable exemption: (1) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; (2) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or (3) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h in violation of Section 5 of the Securities Act, 15 U.S.C. § 77e.

IV.   IT IS HEREBY FURTHER ORDERED that Defendant Donna M. McKelvy, and her agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are enjoined and restrained from directly or indirectly acting as a broker or dealer (other than such a broker or dealer whose business is exclusively intrastate and who does not make use of any facility of a national securities exchange) and making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered as provided by law in violation of Section 15(a) of the Exchange Act, 15 U.S.C. § 78o.

V.   IT IS HEREBY FURTHER ORDERED that Defendant Donna M. McKelvy shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d). The Court shall determine the amounts of disgorgement and civil penalty upon motion by the Commission.  Prejudgment interest shall be calculated from November 23, 2009, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that she did not violate the federal securities laws as alleged

in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Order of Permanent Injunction; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

      VI.    IT IS FURTHER ORDERED pending further order of the Court:

      A.    The assets, funds, or other property of Donna M. McKelvy, wherever located, which are derived from any investor funds obtained by or on behalf of the Defendants in connection with the scheme alleged in the SEC's Complaint, are frozen. Defendant Donna M. McKelvy, and her agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encum-brance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them derived from investor funds, under their control or over which they exercise actual or apparent

investment or other authority, in whatever form such assets may presently exist and wherever located;

      B.      Any bank, financial or brokerage institution or other person or entity holding any funds, securities or other assets derived from investor proceeds raised in the scheme alleged in the complaint, held the name of, for the benefit of, or under the control of Defendant Donna M. McKelvy, or her agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets; and

      C.      Defendant Donna M. McKelvy is prohibited, directly or indirectly, from accepting funds from investors for investment in any investment program. Defendant, and her agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall refrain from accepting, taking control of, or depositing in any financial institution additional funds from or potential investors.

      D.      Section VI of this Order shall not apply to funds in the following bank accounts: Bank of Choice account numbered xxx-6575 in the name of Get Up and Go LLC; Wells Fargo account numbered xxx-xxx-4022 in the names of Donna McKelvy and Caley McKelvy; and Wells Fargo account numbered xxx-xxx-4014 in the names of Donna McKelvy and Morgan McKelvy.

VII.　　IT IS FURTHER ORDERED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.　　IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order of Permanent Injunction or any subsequent Final Judgment.

IX.　　There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Order of Permanent Injunction forthwith and without further notice.

DATED: December __16__, 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge