IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 09-cv-02676-CMA-MJW

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MANTRIA CORPORATION,
TROY B. WRAGG,
AMANDA E. KNORR,
SPEED OF WEALTH, LLC,
WAYDE M. MCKELVY, and
DONNA M. MCKELVY,

    Defendants

WILLIAM R. LOVE, INC.

    Interested Party.

## ORDER DENYING PETITION FOR RELEASE OF FROZEN ASSETS

This matter is before the Court on a Petition for Release of Frozen Assets filed by Interested Party William R. Love, Inc. (Doc. # 89). For the following reasons, the Petition is denied.

This matter arises out of allegations by Plaintiff Securities and Exchange Commission ("SEC"), that Defendants Mantria Corporation, Troy B. Wragg, Amanda E. Knorr, Speed of Wealth, LLC, Wayde M. McKelvy, and Donna M. McKelvy have

engaged in a Ponzi scheme to defraud numerous investors of their assets. (*See* Doc. # 1.)

On November 16, 2009, the SEC filed a Motion for *Ex Parte* Temporary Restraining Order, Preliminary Injunction and Other Equitable Relief. (Doc. # 2.) That same day, the Court granted the SEC's Motion for emergency relief and entered a temporary restraining order, which froze all funds and assets that were traceable to investor funds. (Doc. # 15.) On December 2, 2009, upon the conclusion of a preliminary injunction hearing, the Court continued the asset freeze (the "Preliminary Injunction Order"). (Doc. # 26.)

On March 10, 2010, the SEC filed a Motion for Appointment of a Receiver, upon receipt of information that Defendants Wragg and Mantria transferred property in violation of the Court's Preliminary Injunction Order. (Doc. # 69.) The Court granted the Motion and, on April 30, 2010, issued an Order Appointing Receiver, namely John Paul Anderson of Alvarez & Marsal Dispute Analysis & Forensic Services, LLC. (Doc. # 82, ¶ 2.) As set forth in the April 30 Order, the Receiver's responsibilities include the identification, location, and protection of the receivership estate's assets.

On May 28, 2010, Interested Party W.R. Love, Inc. filed the instant Petition for Release of Frozen Assets. (Doc. # 89.) As set forth in the Petition, W.R. Love, Inc. and its subsidiary Sustainable Golf Development ("SGD") are in the business of golf course planning and design. On August 7, 2008, SGD entered into an agreement with Defendant Mantria for the provision of golf course design services and land planning

2

for the planned residential community, Mantria Place (the "Service Agreement"). As a result of this agreement, W.R. Love, Inc. commenced work on the project and generated costs and fees in the amount of $48,958.51, in which amount W.R. Love, Inc. submitted an invoice to Defendant Mantria. (Doc. # 89-2.) The invoice remains unpaid. Accordingly, W.R. Love, Inc. has filed the instant Petition, requesting a release of Mantria's frozen assets in the amount of $48,958.51.

On June 16, 2010, the SEC responded to the Petition. (Doc. # 92.) In pertinent part, the SEC opposes the Petition because the release of the requested funds would interfere with the Receiver's attempt to identify, locate, and protect the receivership assets for the benefit of more than 300 investors nationwide. Accordingly, the SEC contends that "no funds should be released for the benefit of any specific investor or creditor unless sufficient justification exists." (*Id.* at 3.) The Court agrees.

At the outset, the Court notes that W.R. Love, Inc., a corporation, filed the instant Petition *pro se*.[1] Such a *pro se* filing by a corporate entity violates D.C.COLO.LCivR 11.1, which expressly precludes, and allows the striking of, *pro se* filings by

---

[1] Because the Service Agreement was entered into between Defendant Mantria and SGD, the subsidiary of W.R. Love, Inc., the Court questions whether the instant Petition should have also been filed on behalf of SGD. (*See* Doc. # 89-1.) However, the Court does not base its denial of the instant Petition on this potential deficiency.

corporations.[2]  In any event, the Court finds other reasons to deny the instant Petition, as set forth below.

"Given its equitable nature and purposes, a district court supervising such a receivership has the discretionary power to deny [ ] equitable remedies as inimical to receivership purposes even though they might be warranted under controlling law." *Bermant v. Broadbent, Esq.*, No. 2:05-cv-466, 2006 WL 3692661, at *6 (D. Utah Dec. 12, 2006) (unpublished) (quoting *United States v. Vanguard Inv. Co.*, 6 F.3d 222, 226-27 (4th Cir. 1993)); *see also SEC v. Elliott*, 953 F.2d 1560, 1569-70 (11th Cir. 1992) ("A district court had broad powers and wide discretion to determine the appropriate relief in an equity receivership."). Further, "the rights of creditors of a receivership must be balanced against the need for expeditious administration of the receivership; a district court in overseeing a receivership must make rules which are practicable as well as equitable." *SEC v. Hardy*, 803 F.2d 1034, 1038-39 (9th Cir. 1986) (internal citation and quotation omitted).

Having reviewed the instant Petition, and mindful of the need to balance the rights of creditors, such as W.R. Love, Inc., with the expeditious administration of the receivership assets, the Court denies the instant Petition. That W.R. Love, Inc. is

---

[2] "Only pro se <u>individual</u> parties and members of this court's bar may appear or sign pleadings, motions, or other papers. Any pleading, motion, or paper listing in a signature block, or purporting to enter an appearance by, any other person, partnership, professional corporation, limited liability company, or other entity may be stricken." D.C.COLO.LCivR 11.1 (emphasis added). While the instant Petition was signed by an individual, William R. Love, he did so as President of W.R. Love, Inc. Accordingly, the instant Petition is not a *pro se* filing by an individual, but an improper *pro se* filing by a corporation.

4

dependent on income to pay salaries and bills does not render it unique from other creditors. To allow creditors to collect on unpaid invoices at this juncture would seriously interfere with the Receiver's efforts to identify, locate, and secure the receivership assets. W.R. Love, Inc. has not provided sufficient justification for its request to be treated differently from Defendants' other creditors.

Accordingly, for the foregoing reasons, IT IS ORDERED THAT:

(1) Interested Party W.R. Love, Inc.'s Petition for Release of Frozen Assets (Doc. # 89) is DENIED; and

(2) W.R. Love, Inc. shall not file any further documents with this Court without representation of counsel.

DATED: June  24 , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

5