**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-02676-CMA-MJW

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

v.

MANTRIA CORPORATION,
TROY B. WRAGG,
AMANDA E. KNORR,
SPEED OF WEALTH, LLC,
WAYDE M. MCKELVY, and
DONNA M. MCKELVY

     Defendants.

---

**ORDER DENYING MOTION FOR STAY**

---

This matter is before the Court on the "Motion for Stay Pending Outcome of Receiver and Investor Lawsuits and Grand Jury Investigation," filed by defendants Troy B. Wragg and Amanda E. Knorr ("Defendants") on April 9, 2012. (Doc. # 270.) The motion, now ripe for review,[1] is denied for the reasons discussed below.

**I. BACKGROUND**

Defendants are former principals of defendant Mantria Corporation and its related companies. After years of litigation – in this case stretching back to the filing of the Complaint (Doc. # 1) on November 16, 2009 – the SEC has moved for entry of final judgment against Defendants and others, arguing that the Court (1) should order

---

[1] The Securities and Exchange Commission ("SEC") responded to the motion on April 23, 2012 (Doc. # 271), and Defendants replied on May 7, 2012 (Doc. # 277).

Defendants to disgorge, jointly and severally with Mantria Corporation, $37,031,035.36 plus interest and (2) should assess an additional amount in civil monetary penalties. (*See* Doc. # 256.)  The SEC's motion triggered the request for relief raised by Defendants in the instant motion.  (*See* Doc. # 270 at 1.)

## II. DISCUSSION

Defendants assert that the Court should stay the proceedings in this case for, essentially, two different but related reasons.  First, they maintain that until two currently pending civil lawsuits[2] are resolved, the Court will be unable to ascertain the "proper amounts of disgorgement and fines to levy" against Defendants in this case.  (*Id.* at 3.) Second, they argue that a grand jury has been conducting an investigation of Defendants and Mantria Corporation and, therefore, this case should be stayed so as to "not undermine [Defendants'] Fifth Amendment privilege against self incrimination." (*Id.*)  The Court finds neither reason compelling.

### A. THE LAWSUITS

Under 15 U.S.C. § 78u(d)(3) & (5), the SEC is entitled to seek disgorgement and civil penalties.  Disgorgement is "an equitable remedy meant to prevent the wrongdoer from enriching himself by his wrongs.  Disgorgement does not aim to compensate the victims of the wrongful acts, as restitution does."  *S.E.C. v. Huffman*, 996 F.2d 800, 802 (5th Cir. 1993).  Similarly, civil penalties "are not 'damages' payable to the victim, but

---

[2] These lawsuits are: 12-cv-00488-RBJ, filed by John Paul Anderson, who the Court appointed as Receiver in this case, against several individuals and entities that allegedly advised Defendants and Mantria Corporation on various business matters (the "Receiver Lawsuit"); and 11-cv-02971-WYD, a class action lawsuit filed against the same, and additional, individuals and entities (the "Investor Lawsuit").

2

fines or assessments payable to the government." *Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001). Accordingly, the Court agrees with the SEC that "[a]ny relief obtained by the Receiver or investors" in the Receiver and Investor Lawsuits, respectively, "is irrelevant" to determining the amount of disgorgement and civil penalties appropriate in this case. (Doc. # 271 at 2.)

Further, "no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission." 15 U.S.C. § 78u(g). The United States Supreme Court has interpreted this language as precluding a parallel private action from staying an SEC action. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 337 n.24 (1979) ("[T]he petitioners were not in a position to expedite the private action and stay the SEC action. The Securities Exchange Act of 1934 provides for prompt enforcement actions by the SEC unhindered by parallel private actions. 15 U.S.C. § 78u(g)."). Thus, and in accordance with *Parklane Hosiery*, this action will remain "unhindered" by the Receiver and Investor Lawsuits.

**B.     THE GRAND JURY INVESTIGATION**

When a witness in a civil trial is under investigation or indictment in a parallel criminal case, he is confronted with the "dilemma of choosing to testify or invoking his privilege against self-incrimination." *S.E.C. v. Power Sec. Corp.*, 142 F.R.D. 321, 322-23 (D. Colo. 1992). A court may, in such a situation, "decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions

3

when the interests of justice seem to require such action." *Id.* (internal quotation marks and citation omitted). In addition to considering the extent to which the defendant's Fifth Amendment rights are implicated, courts often consider:

> (1) the interest of the plaintiffs in proceeding expeditiously with [the] litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989). Defendants have no constitutional right to a stay, *id.*, and they bear the burden of showing that "there is a pressing need for a delay and that the other party will not suffer harm from the entry of a stay order," *Dawn v. Mecom*, 520 F. Supp. 1194, 1197 (D. Colo. 1981).

Despite bearing this burden, Defendants do not address the relevant factors cited above. Instead, they merely cite to cases supporting the proposition that courts may defer civil proceedings until parallel criminal prosecutions are completed. (*See* Doc. # 270 at 3.) However, Defendants do not assert, and the Court has no reason to believe, that a criminal **prosecution** against Defendants has commenced. The absence of an indictment against Defendants weighs strongly against granting them a stay in this action. *See Molinaro*, 889 F.2d at 903 ("The case for staying civil proceedings is a far weaker one when no indictment has been returned, and no Fifth Amendment privilege is threatened." (internal quotation marks, alterations, and citation omitted)); *S.E.C. v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980) (noting

4

that, "where no indictment has been returned," the purpose of staying a civil proceeding is "far weaker" than when a criminal prosecution has commenced).

Further, the burden on Defendants' Fifth Amendment rights is limited because they have already asserted their Fifth Amendment privileges when deposed (Doc. ## 159-24 (deposition of Troy B. Wragg); 159-25 (deposition of Amanda E. Knorr)) but did not at that time, or any other time, move to stay the proceedings.  *See, e.g.*, *United States v. Private Sanitation Indus. Ass'n*, 811 F. Supp. 802, 808 (E.D.N.Y. 1992) ("[I]t is disingenuous for [defendant] to now argue that he will be prejudiced by exercising the [Fifth Amendment] privilege which he has repeatedly invoked in the past.").

Moreover, consideration of the five factors cited above militates against granting a stay:

- (1) Disgorgement and civil penalties are the only remaining issues pending in the case against Defendants.  Thus, granting a stay of indefinite, and unknown, duration would significantly prejudice the SEC's completion of this multi-year litigation.
- (2) In light of the Court's preceding analysis, determining the amount of disgorgement and civil penalties will not substantially burden Defendants with regard to either damages assessed in the other civil actions or their ability to respond to the government in the apparently ongoing criminal investigation.
- (3) An indefinite stay in these proceedings would be particularly inconvenient to the Court, which would have to use judicial resources to monitor this case –

even if it were administratively closed – until completion of the two aforementioned civil cases and the government's criminal prosecution, which it has not, and may never, initiate.

- (4) & (5) The Court agrees with the SEC's assertion that "Mantria's defrauded investors, and the public at large[,] have a strong interest in the prompt resolution of this matter." (Doc. # 271 at 7.) *See SEC v. First Fin. Grp. of Texas, Inc.*, 659 F.2d 660, 667 (5th Cir. 1981) ("Protection of the efficient operation of the securities markets and the financial holdings of investors from fraudulent marketing practices may require prompt civil enforcement which cannot await the outcome of a criminal investigation."); *Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494, 1500 (S.D.N.Y. 1987) ("[T]he public interest in the integrity of securities markets militates in favor of the efficient and expeditious prosecution of these civil litigations.").

### III. CONCLUSION

Accordingly, and for the foregoing reasons, the Court ORDERS that Defendants' "Motion for Stay Pending Outcome of Receiver and Investor Lawsuits and Grand Jury Investigation" (Doc. # 270) be DENIED.

DATED:  May   25  , 2012

BY THE COURT:

*Christine M Arguello*

———————————————
CHRISTINE M. ARGUELLO
United States District Judge