IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 09-cv-02676-CMA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MANTRIA CORPORATION,
TROY B. WRAGG,
AMANDA E. KNORR,
SPEED OF WEALTH, LLC,
WAYDE M. MCKELVY, and
DONNA M. MCKELVY,

    Defendants.

## ORDER REQUIRING COMPLETION OF RECEIVER'S DUTIES

This matter is before the Court on Plaintiff Securities and Exchange Commission's ("SEC") Motion for Order Requiring Completion of Receiver's Duties (Doc. # 716).  The Court, having reviewed the SEC's Motion, having found the relief therein is in the best interests of all parties in interest and after due deliberation and good cause shown,

**IT IS HEREBY ORDERED:**

1. The Commission's Motion (Doc. # 716) is hereby GRANTED.

2. John Paul Anderson (the "Receiver") shall immediately send postcards and emails to investors, using available contact information, asking for any

    updated addresses and contact information, and stating that claim checks are expected to be sent by October 7, 2024.

3. No later than October 7, 2024, Receiver shall distribute checks to investors in the amounts previously approved ($566,999.16). Checks issued shall indicate that they must be deposited within 60 days of October 7, 2024.

4. No later than October 14, 2024**,** Receiver shall file a notice with the Court providing the following information:

   - The status of all payments made, other than to investors, pursuant to the Order Approving Receiver's Modified Distribution Plan (Doc. 708);
   - The status of stale checks, including whether substitute checks have been obtained, whether those checks have been deposited in the receivership estate account, and identifying any stale checks for which the Receiver was unable to obtain a replacement check, and the status of the recovery of previously escheated assets;
   - The mechanisms that the Receiver is using to distribute funds to investors, including identifying who is issuing the checks and identifying who is physically sending out checks to investors (together, the "vendors"); and
   - The status of the distribution to investors, a) including what checks have been sent to investors and what checks, if any, have been cashed and b) attaching a statement from all vendors stating the work they have completed at the direction of the Receiver and a copy of all receivership estate bank statements from July 2024 until the time of filing.

5. On November 13 and December 13, 2024, Receiver shall file a notice with the Court providing updates about what checks have been deposited and what checks have been returned and any other material developments, and again attaching a statement from all vendors stating the work they have completed at the direction of the Receiver since the prior report and a copy of all receivership estate bank statements from the prior report until the time of filing.

6. From December 13, 2024, to January 3, 2025, Receiver shall confer with the SEC about a proposal regarding funds remaining in the receivership estate.

7. No later than January 10, 2025, Receiver shall file a final report and motion with the Court addressing funds remaining in the receivership estate, any uncashed checks, and termination of the Receiver's duties.

DATED: August 27, 2024

SO ORDERED.

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge